IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 13, 2007 Session

## WILLIE L. HILL v. MARGIE L. SIMPSON

**Direct Appeal from the Circuit Court for Knox County**
**No. 3-584-04     Hon. Wheeler A. Rosenbalm, Circuit Judge**

**No. E2005-02401-COA-R3-CV  - FILED SEPTEMBER 25, 2007**

In this action for damages for injuries sustained in a motor vehicle accident, the Trial Judge approved a jury verdict for the defendant.  Plaintiff appealed on grounds of jury misconduct.  We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., J., and D. MICHAEL SWINEY, J., joined.

Lane Wolfenbarger, Knoxville, Tennessee, for appellant.

Brian H. Trammell, and Kevin C. Stevens, Knoxville, Tennessee, for appellee.

### OPINION

        This action arose from an automobile accident which occurred on May 26, 2004, at the intersection of Broadway and Rennoc Road in Knoxville.

        The Trial was held on June 29, 2006 before a jury, and the jury returned a verdict for the defendant which was approved by the Trial Judge in an Order entered on July 25, 2006.

        Plaintiff filed a Motion to Alter or Amend the Judgment, or Alternatively for New Trial, asserting that the jury foreperson, Ms. Hyatt, felt that the evidence preponderated in plaintiff's favor, but the majority of jurors felt the evidence preponderated against plaintiff, based upon the fact that the police officer took statements from the parties and witnesses to the accident, but the

statements were not introduced at the trial, so a majority of the jurors assumed that the statements would be unfavorable to plaintiff.

Plaintiff also asserted that the majority of jurors assumed that any photographs taken of the defendant's vehicle would have been unfavorable to the plaintiff or they would have been introduced at trial. Thus, the plaintiff argued that the jury's decision was based on speculation about matters that were not in evidence.

In support of these theories, plaintiff attached an Affidavit of Sharon Gina Hyatt, wherein she stated she was the jury foreperson and that in her opinion the defendant was at fault for the accident. She stated that during deliberations, a majority of the jurors felt that defendant was not at fault, and the reasons they gave for this conclusion were that an independent witness apparently existed who saw the accident but did not appear and testify, and no photographs of defendant's vehicle were introduced at trial. She stated the majority assumed that this evidence must have been unfavorable to plaintiff or otherwise it would have been introduced. She concluded that she did not agree with the unanimous decision finding for the defendant. Also attached was the trial transcript of the evidence.

The court denied plaintiff's motion seeking a new trial or alteration of the judgment, and this Appeal ensued.

**Issues for Review**

1. Whether the jury verdict is based upon extraneous prejudicial information or speculation?

2. Whether the plaintiff should be entitled to a new trial on the basis of newly discovered evidence in the nature of photographs of defendant's car that were concealed and/or not provided or disclosed to counsel for plaintiff prior to trial, despite requests for same during discovery?

3. Whether the jury verdict is supported by the evidence introduced at trial?

4. Whether the jury verdict should be set aside due to testimony, statements or arguments regarding liability insurance, traffic citations, motor vehicle accident report injury codes, and unavailable witnesses?

Plaintiff asserts that, based on defense counsel's failure to disclose the photographs of defendant's car (after they were sought in discovery) and based on defense's counsel alluding to the "missing witness" during opening statement and closing argument, the jury speculated about matters that were not in evidence, and based their verdict on speculations. Plaintiff relies on the affidavit of Ms. Hyatt.

It is well-settled that juror affidavits regarding what influenced the jurors in reaching a conclusion will not be considered to impeach their verdict. *Wilson v. Renfroe*, 540 S.W.2d 263 (Tenn. Ct. App. 1976); *McKamey v. Andrews*, 289 S.W.2d 704 (Tenn. Ct. App. 1955). Parties seeking a new trial on the basis of alleged jury misconduct must produce admissible evidence on that issue, which is governed by Tenn. R. Evid. 606. *Cavalier Metal Corp. v. Johnson Metal Controls*, 124 S.W.3d 122 (Tenn. Ct. App. 2003); *Caldararo v. Vanderbilt University*, 794 S.W.2d 738 (Tenn. Ct. App. 1990).

Tenn. R. Evid. 606(b) states:

Inquiry Into Validity of Verdict or Indictment. Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon any juror's mind or emotions as influencing that juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes, except that a juror may testify on the question of whether extraneous prejudicial information was improperly brought to the jury's attention, whether any outside influence was improperly brought to bear upon any juror, or whether the jurors agreed in advance to be bound by a quotient or gambling verdict without further discussion; nor may a juror's affidavit or evidence of any statement by the juror concerning a matter about which the juror would be precluded from testifying be received for these purposes.

A juror's affidavit regarding matters/statements occurring during deliberations is inadmissible, except when it deals with 1) extraneous prejudicial information, 2) outside influence on a juror, or 3) a quotient/gambling verdict. Tenn. R. Evid. 606(b); *Cavalier* and *Caldararo*. We have recognized that by limiting inquiry to these specific areas, Tenn. R. Evid. 606(b) "precludes inquiries into the jury's deliberative process" and ensures open and vigorous deliberations, while preventing jurors with minority views from later recanting their vote. *Caldararo*, at 742. The rule draws a distinction between improper extrinsic influence on the jury, such as exposure to news articles/stories, consideration of facts not admitted into evidence, and conversations with non-jurors about the case, from proper intrinsic influences, such as discussions among jurors, jurors' personal experiences not related to the litigation, and jurors' subjective thoughts, fears, and emotions. *Id.*

Plaintiff argues that the juror's assumptions about "missing" evidence/witnesses constitutes extraneous prejudicial information pursuant to Tenn. R. Evid. 606(b). He relies on the cases of *Terry v. Plateau Elec. Co-op.*, 825 S.W.2d 418 (Tenn. Ct. App. 1991), and *Cavalier*. In *Terry*, the Court found that the deliberate mention of defendant's liability insurance by an expert witness warranted a new trial, where such clearly influenced the juror's deliberations, as shown by their affidavits. *Terry*, at 422-424. Similarly, in *Cavalier*, one of the jurors worked for the defendant company during the time of the events at issue in that case, and she expressed her knowledge of facts outside the presented evidence to other jurors, and those jurors stated that this knowledge influenced their verdict. *Cavalier*, at 130.

In analyzing this issue, the *Wilson* case is instructive. In that case, the issue of liability insurance was not intentionally mentioned at trial, and was only brought up during voir dire when the jurors were asked about possible relationships with liability insurance companies. *Id.*, at 265. The presence or lack of liability insurance was never established nor mentioned during the trial itself, but two of the jurors filed affidavits stating that "the jury believed the judgment would be paid by insurance. The topic was discussed at length and everyone based his decision upon that fact. If we had not considered insurance, the verdict would not have been rendered." *Id.* Nine other jurors filed affidavits stating that they based their verdict solely on the evidence, and not on whether or not defendants had insurance. In that case, we discussed whether the injection of insurance into deliberations, sua sponte, would entitle a party to a new trial, when at least one juror stated that this affected her verdict, and found that it did not. *Id.*

Similarly, here, the allegation is that jurors considered that the lack of presentation of certain evidence/witnesses by plaintiff at trial was somehow demonstrative of the fact that this evidence would likely have been in defendant's favor. Thus, it is not an argument that there was extraneous prejudicial information given to the jury, but rather, that a negative inference was drawn by the jury from a lack of evidence, and that this affected the jury's verdict. This does not fall within the ambit of Tenn. R. Evid. 606(b), as there has been no showing of improper extrinsic evidence being given to the jury. Rather, these details of the jury's discussions and thought processes that were attested to in Ms. Hyatt's affidavit were intrinsic to the jury's deliberations, and does not constitute jury misconduct. Accordingly, we hold the juror affidavit seeking to impeach the verdict was inadmissible, and the Trial Court properly denied plaintiff's motion for new trial.

Next, plaintiff asserts that he should be entitled to a new trial on the basis of newly discovered evidence in the nature of photographs of defendant's car, which plaintiff alleges were concealed and/or not provided or disclosed to counsel for plaintiff prior to trial, despite requests for the same during discovery. Significantly, plaintiff does not claim to have any knowledge that such photographs actually exist, but simply states that it is "extremely odd" that the insurance company did not take any photos, and argues that these photos, "if in existence", would constitute newly discovered evidence that would entitle plaintiff to a new trial.

This conjectural argument basically asks for a new trial based on evidence that he thinks might exist but does not really know whether it does or not. To grant a new trial on the basis that some other evidence "might exist" would open the floodgates.

Next, plaintiff asserts the jury's verdict was not supported by the evidence at trial, but concedes that the jury's verdict can only be set aside if there is no material evidence to support it.

In this case, the defendant testified that she entered the intersection on a yellow light and that plaintiff's car entered the intersection and was suddenly right in front of her and she could not avoid hitting it, despite slamming on her brakes. Defendant testified she was driving within the speed limit, had her lights on, had nothing to impair her vision, and basically stated she was not operating her car in any negligent fashion. Accordingly, there is material evidence to support the

-4-

jury's verdict in favor of defendant in this accident, which occurred in an intersection.

Finally, plaintiff argues that the jury verdict should be set aside due to "testimony, statements or arguments regarding liability insurance, traffic citations, motor vehicle accident report injury codes, and unavailable witnesses". Plaintiff states that the defendant inappropriately mentioned liability insurance during her direct examination (when asked if she spoke to plaintiff after the accident, she replied that plaintiff said he hoped she had insurance, and she replied, "I have. How about you?") and plaintiff further argues that it was improper for defense counsel to ask the investigating officer about the injury code he assigned to the plaintiff, to ask defendant if she was issued a citation, and to make remarks during opening statement and closing argument regarding the unavailable witness.

Defendant counters that plaintiff's counsel never objected to any of these alleged inappropriate statements at trial, and thus should not be heard now to complain of any error. The law is clear that when counsel fails to object to either questions asked during the trial, or to remarks made in opening/closing statements, counsel shall be considered as having waived these issues on appeal. Tenn. R. App. P. 36.

As this Court has previously explained, "[o]bjections to the introduction of evidence must be timely and specific." *Grandstaff v. Hawks*, 36 S.W.3d 482, 488 (Tenn. Ct. App. 2000). "A party who invites or waives error, or who fails to take reasonable steps to cure an error, is not entitled to relief on appeal. See Tenn. R. App. P. 36(a), cmt. a. Failure to object to evidence in a timely and specific fashion precludes taking issue on appeal with the admission of the evidence." *Id.* Similarly, regarding remarks made in opening statement/closing argument, this Court stated in *Ward v. Glover*, 206 S.W.3d 17, 39 (Tenn. Ct. App. 2006):

> The law is well-settled in this state that "[a]n objection to the remarks or conduct of counsel must be made at the trial and a ruling had thereon, or they will not be considered on appeal." The plaintiffs failed to object to these remarks at the appropriate time. Their failure to timely object constitutes a waiver of their objection. While the "personal opinion" argument of counsel was not appropriate, it was not so egregious or otherwise harmful to the administration of justice as to warrant a reversal under the facts of this case, even if we were inclined to ignore the plaintiffs' waiver of their right to object.

In this case, plaintiff's counsel did not object at trial to either the testimony he now contends was improperly admitted, nor to the allegedly inappropriate remarks made by defense counsel during opening statement/closing argument. The plaintiff effectively waived these issues.[1]

---

[1]With regard to traffic citations, defendant concedes that plaintiff did object to this testimony, but that the judge gave a curative instruction (even though plaintiff did not request same). Plaintiff admits in his brief that such an instruction was given by the judge. Thus, there is no reversible error.

For the foregoing reasons, we affirm the Judgment of the Trial Court and assess the cost to plaintiff, Willie L. Hill.

_____
HERSCHEL PICKENS FRANKS, P.J.